114 A.3d 738

NUWAVE INVESTMENT CORPORATION, TROY W. BUCKNER, AND JOHN S. RYAN, PLAINTIFFS–APPELLANTS, v. HYMAN BECK & COMPANY, INC., ALEXANDER HYMAN, AND RICHARD DEFALCO, DEFENDANTS, AND FIRST ADVANTAGE LITIGATION CONSULTING, LLC (F/K/A BACKTRACK REPORTS, INC.), DEFENDANT–RESPONDENT.

NUWAVE INVESTMENT CORPORATION, TROY W. BUCKNER, AND JOHN S. RYAN, PLAINTIFFS–APPELLANTS, v. HYMAN BECK & COMPANY, INC. AND ALEXANDER HYMAN, DEFENDANTS–RESPONDENTS, AND FIRST ADVANTAGE LITIGATION CONSULTING, LLC (F/K/A BACKTRACK REPORTS, INC.) AND RICHARD DEFALCO, DEFENDANTS.

Argued April 13, 2015—Decided May 27, 2015.

496

*Thomas J. Smith,* a member of the Pennsylvania bar, and *John F. Olsen* argued the cause for appellants (*Mr. Olsen* and *K & L Gates,* attorneys; *Mr. Olsen* and *Anna J. Vecchi,* on the briefs).

*Philip R. Sellinger* argued the cause for respondents Hyman Beck & Company and Alexander Hyman (*Greenberg Traurig*, attorneys; *Mr. Sellinger, Ian S. Marx*, and *Helen E. Kleiner*, on the brief).

*Mark S. Melodia* argued the cause for respondent First Advantage Litigation Consulting, LLC (f/k/a Backtrack Reports, Inc.) (*Reed Smith* and *Bonner Kiernan Trebach & Crociata*, attorneys; *Paul Bond* and *Kenneth A. Schoen*, on the brief).

*Thomas J. Cafferty* argued the cause for *amicus curiae* New Jersey Press Association (*Gibbons*, attorneys; *Mr. Cafferty, Nomi I. Lowy*, and *Lauren James–Weir*, on the brief).

*Frank L. Corrado* argued the cause for *amicus curiae* American Civil Liberties Union of New Jersey (*Barry, Corrado & Grassi, McCusker, Anselmi, Rosen & Carvelli*, and *Edward L. Barocas*, attorneys; *Mr. Corrado, Mr. Barocas, Bruce S. Rosen*, and *Jeanne M. LoCicero*, on the brief).

PER CURIAM.

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Messano's well-reasoned and comprehensive opinion. *NuWave Inv. Corp. v. Hyman Beck & Co.*, 432 *N.J.Super.* 539, 75 *A.*3d 1241 (App.Div.2013). We agree that this matter requires a new trial on damages in which the jury is properly instructed on the various categories of damages and is informed of the limited role of presumed damages, as described in *W.J.A. v. D.A.*, 210 *N.J.* 229, 43 *A.*3d 1148 (2012). We add only the following in order to stress the important distinction between presumed and actual damages.

■ First, we note that this case does not involve a public figure or a matter of public concern, but rather defamatory statements concerning private, commercial parties. Under these circumstances, as we explained in *W.J.A.*, the presumed-damages doctrine's continued vitality lies merely in "permitting a plaintiff to survive summary judgment." *Id.* at 249, 43 *A.*3d 1148. Presumed damages is a procedural device that allows a defamation

case to go to the jury in the absence of proof of actual damages. If the jury finds the statement defamatory, without proof of actual damages, only nominal damages can be awarded. *Ibid.* Presumed damages may not be awarded in any higher amount. *See ibid.*

Second, we use this opportunity to once again clarify the categories of damages in a defamation action. There are three: (1) actual; (2) punitive; and (3) nominal. *Id.* at 239, 43 *A.*3d 1148 (citing *Prosser and Keeton on Torts* § 116A at 842 (5th ed.1984)). "Actual" damages are alternatively referred to as compensatory because they are intended to compensate the plaintiff for the wrong done by the defamatory speech. *See ibid.* There are two subcategories of actual damages: special and general. *Ibid.* (citing *Prosser and Keeton, supra,* § 116A at 842).

Actual damages deemed "special" compensate a plaintiff for specific economic or pecuniary loss. *See id.* at 240, 43 *A.*3d 1148; *Cooley on Torts* § 164 at 580 (4th ed.1932). Actual damages deemed "general" address harm that is not capable of precise monetary calculation. *See Gertz v. Robert Welch, Inc.,* 418 *U.S.* 323, 350, 94 *S.Ct.* 2997, 3012, 41 *L.Ed.*2d 789, 811 (1974) (explaining that "actual injury is not limited to out-of-pocket loss"); *Prosser and Keeton, supra,* § 116A at 843. Thus, as expressed in *W.J.A., supra,* actual damages can include harm caused by " 'impairment to reputation and standing in the community,' along with personal humiliation, mental anguish, and suffering to the extent that they flow from the reputational injury." 210 *N.J.* at 239, 43 *A.*3d 1148 (quoting *Gertz, supra,* 418 *U.S.* at 350, 94 *S.Ct.* at 3012, 41 *L.Ed.*2d at 811). All compensatory damages, whether considered special or general, depend on showings of actual harm, demonstrated through competent evidence, and may not include a damage award presumed by the jury.

By way of contrast, "nominal" damages, which include those that may be presumed as explained in *W.J.A.,* "serve[ ] the purpose of vindicating" the character of "a plaintiff who has not proved a compensable loss." *Id.* at 240–41, 43 *A.*3d 1148 (citations

omitted). As a result, presumed damages are not to be awarded as compensation and are not appropriate when compensatory damages are otherwise available to the plaintiff.

Here, the jury was instructed that presumed damages could be awarded to compensate plaintiffs for reputational harm. That instruction was given prior to the publication of our holding in *W.J.A.* and did not accurately reflect defamation law in this State. Permitting the jury to presume reputational harm in this case enabled the jury to exercise an impermissible degree of unbridled discretion to award damages that may not have reflected evidence that was submitted. Because it is unclear whether the entirety of the jury award was influenced by the inadequate instruction on the proper roles of the various categories of damages and the circumstances under which they are available to plaintiffs, the cleanest and most fair resolution is to vacate the entire award and remand this matter for a new trial on damages.

Finally, notwithstanding our affirmance in respect of the statute of limitations issues raised herein, *see NuWave Inv. Corp., supra,* 432 *N.J.Super.* at 564–65, 75 *A.*3d 1241 for completeness, we specifically reject plaintiffs' invitation for the Court to amend the applicable one-year statute of limitations. *See N.J.S.A.* 2A:14–3. Plaintiffs argue that equity requires the statute of limitations for defamation actions to implicitly include a "discovery rule" in cases involving confidential publications. Although there is a strong argument that such flexibility might advance the cause of justice in certain constrained publications of defamatory information that must be assessed under the current statute of limitations, we consider ourselves bound by the plain language of the statute. *See ibid.* The statute's clear and unqualified language requires all libel claims to be made within one year of the date of the publication. That language cannot be reconciled with the exception proposed by plaintiffs. In declining to create a judicial discovery rule, we leave amendment of the statute to the Legislature, should that body deem it advisable to create some flexibility

for late discovery of defamation conveyed in confidential documents.

*For affirmance*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, FERNANDEZ–VINA and SOLOMON—5.

*Not participating*—Justice PATTERSON and Judge CUFF (temporarily assigned)—2.

*Opposed*—None.